**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In re: KAFIL HAMIM QUAIYUM TUNSILL,
TAJIKAH UMIRA-DIAZ BINT ABDUL-KARIM,
_____

KAFIL HAMIM QUAIYUM TUNSILL,
TAJIKAH UMIRA-DIAZ BINT ABDUL-KARIM,

        Appellants,

vs.

CIG FINANCIAL, LLC,

        Appellee.

Case No. 3:16-cv-1049-J-32
Bankruptcy Case No. 3:16-bk-1521-3G3

## ORDER

Pro se appellants have filed an interlocutory appeal of a bankruptcy order granting a motion for relief from automatic stay filed by CIG Financial, LLC in appellants' bankruptcy case. Doc. 1. The Order lifting the stay allows appellee CIG to repossess and sell a vehicle in appellants' possession. See Doc. 1 at Ex. 2. After the bankruptcy court denied their motion for stay pending appeal, appellants filed a motion for stay pending appeal in this Court, attaching an affidavit from appellant Kafil Tunsill, copies of the bankruptcy court docket, the order on appeal, the order denying the stay pending appeal, and a copy of a subpoena appellants issued to CIG requesting a copy of a check tendered to appellant which appellants stated would show whether the loan at issue here was perfected. Doc. 2. CIG filed a response in opposition, attaching the five documents admitted into evidence at a bankruptcy hearing on CIG's motion for relief from automatic stay. See Doc. 5.

Federal Rule of Bankruptcy Procedure 8007 (which superseded previous Bankruptcy Rule 8005) gives a district court the authority to issue a stay pending appeal of a bankruptcy court order.  See Fed. R. Bankr. P. 8007(b).  Although the matter is examined de novo, the district court considers the same four factors considered by the bankruptcy court in the first instance.  In re Phillips, 483 B.R. 254, 257 (M.D. Fla. 2012) (Steele, J.).  Thus, appellants "must clearly establish: (i) that [appellants] [are] likely to prevail on the merits of [their] appeal, (ii) that the [appellants] will suffer irreparable injury if a stay or other injunctive relief is not granted, (iii) that other parties will suffer no substantial harm if a stay or other injunctive relief is granted, and (iv) in circumstances where the public interest in implicated, that the issuance of a stay or other injunctive relief will serve, rather than disserve, such public interest."  Id. (citations omitted).

Having considered the parties' submissions, the Court finds the motion for stay pending appeal is due to be denied.  Although the transcripts of the hearings which inform the bankruptcy court's rulings are not yet available, the documentary evidence  (most of which was before the Bankruptcy Judge) does not lead to the conclusion that the appellant is likely to prevail on the merits of the appeal (which is especially true given the standard of review on appeal).  Further, appellants have not demonstrated irreparable harm, CIG has demonstrated substantial harm if the stay is granted and, to the extent the public interest is implicated, appellants have made no showing that it would be served by the issuance of a stay.

Accordingly, it is hereby

**ORDERED**:

Appellants' motion for stay pending appeal (Doc. 3) is **denied**.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of September, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable Paul M. Glenn
United States Bankruptcy Judge

pro se appellants
counsel of record